<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PSC EHC ACQUISITION, LLC, <br><br>         Plaintiff, <br><br>    v. <br><br> MARK VIGNERI and ENVIRONMENTAL REMEDIATION AND FINANCIAL SERVICES, LLC, <br><br>         Defendants. | Civil Action No. 22-02428 (GC) (JBD) <br><br> <u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

      **THIS MATTER** comes before the Court upon Plaintiff PSC EHC Acquisition, LLC's Motion for Default Judgment (ECF No. 11) against Defendant Mark Vigneri pursuant to Federal Rule of Civil Procedure (Rule) 55(b).  The Court has reviewed Plaintiff's submissions and decides the motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Plaintiff's Motion is **GRANTED**.

**I.**     <u>**BACKGROUND**</u>

    **A.**    **Factual Background**

      On July 29, 2021, Plaintiff loaned Defendant Environmental Remediation and Financial Services, LLC (ERFS) $300,000 "for use as working capital" pursuant to a Promissory Note (the Note) and Security Agreement.  (ECF No. 1 ¶ 7.)  The Note required ERFS to pay the principal and interest in full by December 31, 2021.  (*Id.* ¶ 13.)  The Note set interest on the principal at a rate of fifty percent (50%) per annum compounded annually.  (*Id.* ¶ 14.)  Interest was due in monthly payments beginning on August 29, 2021, and continuing on the 29th day of each month

until ERFS paid in full all sums due under the Note.  (*Id.*)

On the same date that Plaintiff executed the Note with ERFS, Plaintiff entered into a "Guarantee Agreement" with Vigneri, the sole member of ERFS.  (*Id.* ¶¶ 4, 9.)  The purpose of the Guarantee Agreement was "to induce [Plaintiff] to enter into the Note Agreement and to induce [Plaintiff] to provide [ERFS] with the Working Capital Loan."  (*Id.* ¶ 11.)  Vigneri's guarantee of the loan under the Guarantee Agreement "was an express 'condition precedent'" for Plaintiff to make the loan to ERFS.  (*Id.*)  Under the Guarantee Agreement, "Vigneri personally guaranteed ERFS's obligations under the Note" in the event of ERFS's default.  (ECF No. 11 ¶ 13.)  Plaintiff alleges that ERFS defaulted under the Note between August and September of 2021.  (ECF No. 1 ¶¶ 15-16.)  On October 7, 2021, pursuant to the terms of the Note, Plaintiff declared the entire unpaid balance of the principal and interest immediately due and payable.  (*Id.* ¶¶ 17-18.)  Neither Vigneri nor ERFS made any additional payments, and they ERFS filed for bankruptcy on May 3, 2022.  (ECF No. 11 ¶¶ 15-19.)  The Note provides for a default interest rate of 12%, stating that upon an event of default,

> . . . the unpaid balance of the Principal Amount and accrued and unpaid Interest shall accrue interest thereafter at a rate equal to twelve percent (12%) per annum (the "Default Rate") on all sums evidenced hereby until same are paid in full.   The Debtor acknowledges that it would be extremely difficult or impracticable to determine . . . actual damages resulting from any late payment or default, and such interest at the Default Rate . . . does not constitute a penalty.
>
> [(ECF No. 11-2 at 9.[1])]

---

[1]    Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

**B.      Procedural History**

On April 27, 2022, Plaintiff filed its complaint, bringing one count of Breach of Contract against ERFS and one count of "Breach of the Guarantee Agreement" against Vigneri.  (ECF No. 1 ¶¶ 28-37.)  ERFS's managing agent was served on May 12.  (ECF No. 4.)  On January 12, 2023, the Court granted Plaintiff's motion to serve Vigneri by certified first-class mail and by email after Plaintiff's unsuccessful attempts to serve Vigneri in person.  (ECF No. 6 at 1-2.)  Plaintiff served Vigneri via email and certified mail on January 13.  (ECF Nos. 8-1 & 8-2.)  On February 16, the Clerk of Court entered default against Vigneri.  (ECF entry dated February 16, 2023.)  Plaintiff moved for default judgment solely against Vigneri on July 26.  (ECF No. 11.)  On February 29, 2024, the Court directed Plaintiff to file supplemental briefing, which Plaintiff filed on March 12. (ECF No. 13.)  To date, Defendants have not responded or otherwise appeared in this action.

## II.   <u>LEGAL STANDARD</u>

Under Rule 55(a), a plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  Once a default has been entered, the plaintiff may then seek the entry of a default judgment — either by the clerk or the court itself — under Rule 55(b). Fed. R. Civ. P. 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)).  Because default judgments prevent the resolution of claims on their merits, the court "does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ. No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05*

3

*in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

In entering default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction, (2) the defendant was properly served, (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. T.J. LLC*, Civ. No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, Civ. No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015)).   In addition, the court must evaluate three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (same).   If these factors weigh in favor of the moving party, the court may grant default judgment.

## III.   DISCUSSION

### A.   Subject-Matter and Personal Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Werremeyer v. Shinewide Shoes, Ltd.*, Civ. No. 19-10228, 2023 WL 6318068, at *2 (D.N.J. Sept. 28, 2023) (citations omitted).

First, this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a). Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, with its sole member a citizen of Pennsylvania and its principal place of business located in Pennsylvania.   (ECF No. 1 ¶ 1.)   Because "the citizenship of an LLC is determined by the citizenship of its members," Plaintiff is a citizen of Pennsylvania.   *See Zambelli Fireworks Mfg.*

*Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).  Defendant Vigneri is a citizen of New Jersey and the sole member of Defendant ERFS, LLC, which is organized under the laws of New Jersey and has its principal place of business in New Jersey.  (ECF No. 1 ¶¶ 2-4.)  Because both Defendants are citizens of New Jersey and Plaintiff is a citizen of Pennsylvania, the parties are completely diverse.  Additionally, Plaintiff requests a judgment of $335,018.53 plus interest, which exceeds the $75,000 statutory threshold under § 1332(a).

This Court also has personal jurisdiction over Defendants.  "[T]he place of incorporation and principal place of business" are bases for general personal jurisdiction over a corporation. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  "Courts have applied the *Daimler* rules to limited liability companies with 'equal force.'"  *Griggs v. Swift Transp. Co.*, Civ. No. 17-13480, 2018 WL 3966304, at *2 (D.N.J. Aug. 17, 2018) (quoting *Finn v. Great Plains Lending, LLC*, Civ. No. 15-4658, 2016 WL 705242, at *3 n.3 (E.D. Pa. Feb. 23, 2016)).  Thus, "for the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation]."  *Tri-Union Seafoods, LLC v. Ecuatorianita*, Civ. No. 20-9537, 2021 WL 1541054, at *3 (Apr. 20, 2021) (quoting *Rodriquez Rivera v. Loto Grp., LLC*, Civ. No. 20-4062, 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020)).  Because Defendant Vigneri is a New Jersey citizen and the sole member of Defendant ERFS, LLC, which has New Jersey as its principal place of business and state of formation, this Court has personal jurisdiction over Defendants.  (ECF No. 1 ¶¶ 2-4.)

    **B.**    **Service of Process**

As a limited liability company, ERFS could be properly served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  *See Tri-Union Seafoods*, 2021

WL 1541054, at *4 (quoting Fed. R. Civ. P. 4(h)(1)(B)).

Here, the summons and complaint were served on ERFS's managing agent via a process server on May 12, 2022.  (ECF No. 4.)  Additionally, on January 12, 2023, this Court granted Plaintiff's motion allowing Plaintiff to serve the summons and complaint upon Defendant Vigneri by certified and first-class mail and email, finding that Plaintiff had "demonstrated reasonable diligence in trying to serve Vigneri, such that permitting service by way of certified and first-class mail to Vigneri's Point Pleasant address comports with due process."  (ECF No. 6 at 2 (citing *Guardian Life Ins. Co. v. Estate of Walter Matesic*, Civ. No. 16-643, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016).)  On January 13, 2023, Plaintiff effectuated service pursuant to the Court's Order.  (ECF No. 8 at 1.)  Accordingly, Defendants have been properly served.

### C.      Sufficiency of Plaintiff's Causes of Action

"In a contract action based on diversity of citizenship, the district court must apply the substantive law of the state in which it sits."  *Provident Bank v. Antonucci*, Civ. No. 12-7133, 2014 WL 7051781, at *4 (D.N.J. Dec. 12, 2014) (citing *Am. Cyanamid v. Fermenta Animal Health Co.*, 54 F.3d 177, 180 (3d Cir.1995)).  To establish its breach-of-contract claim under New Jersey law, Plaintiff must allege that (1) "the parties entered into a contract containing certain terms"; (2) "[Plaintiff] did what the contract required [Plaintiff] to do"; (3) "[Defendants] did not do what the contract required [Defendants] to do"; and (4) "[Defendants'] breach, or failure to do what the contract required, caused a loss to [Plaintiff]."  *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)).

Plaintiff has sufficiently pled each of these elements.  The Complaint establishes the existence of a valid contract between Plaintiff and ERFS in the form of the Note, and between Plaintiff and Vigneri in the form of the "Guarantee Agreement."  (ECF No. 1 ¶¶ 9-12.)  Plaintiff

alleges that he loaned $300,000 to ERFS "for use as working capital," which is what the Guarantee Agreement required him to do. (*Id.* ¶¶ 7, 11.) In return, Vigneri guaranteed to Plaintiff "the due and punctual payment and performance to [Plaintiff]" of "all debts, liabilities and obligations of [ERFS] . . . arising from" the $300,000 loan agreement between Plaintiff and ERFS. (*Id.* ¶ 12.) Plaintiff alleges that after ERFS defaulted under the Note between August and September of 2021, Plaintiff declared the entire unpaid balance of the principal and interest immediately due and payable. (*Id.* ¶¶ 15-18.) Vigneri never made any payments pursuant to the Guarantee Agreement, and Plaintiff alleges that it has suffered damages as a result. (*Id.* ¶¶ 23, 37.)

### E. Appropriateness of Default Judgment

The Court next must assess (1) whether Vigneri has a meritorious defense, (2) the potential prejudice suffered by Plaintiff if default judgment is not entered, and (3) Vigneri's culpability. *Doug Brady*, 250 F.R.D. at 177 (citing *Sambrick*, 834 F.2d at 74).

First, a defense "will be deemed meritorious when the allegations of the pleadings, if established at trial, would . . . constitute a complete defense." *Tryg Ins.*, 2017 WL 11491955, at *3 (quoting *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984)). "When a defendant fails to appear, a court may find it has 'failed to raise any defenses for the Court's consideration.'" *Bd. of Trs. of CWA/ITU Negotiated Pension Plan v. Am. Plus Printers, Inc.*, Civ. No. 19-12794, 2020 WL 2794342, at *4 (D.N.J. May 29, 2020) (citation omitted); *see also United States v. Vo*, Civ. No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) (finding that the court "cannot consider Defendant's defenses if any exist because Defendant failed to respond to

this action."). Because Vigneri has not appeared in this case, the Court is unable to consider any defenses he may have raised.[2]

Next, when a defendant "fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate [its] claims." *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, Civ. No. 15-5343, 2017 WL 11491955, at *3 (D.N.J. Nov. 28, 2017) (quoting *United States v. DiPiazza*, No. 16-518, 2016 WL 7015625, at *2 (D.N.J. Nov. 30, 2016)). And a defendant's "failure to proceed with representation . . . or otherwise defend the action prejudices [Plaintiff] as it prevents [Plaintiff] from proceeding with this case and obtaining relief." *Trs. of IBEW Loc. 400 Pension Fund v. Four Directions, Inc.*, Civ. No. 22-152, 2023 WL 2245036, at *2 (D.N.J. Feb. 27, 2023)) (citation omitted). Here,

---

[2]      The only potential defense identified by the Court from the pleadings — that the Note's interest rate is usurious — is meritless. The Note's interest on the principal at a rate of fifty percent (50%) per annum compounded annually does not violate N.J. Stat. Ann. § 2C:21-19, which allows for an interest rate of up to 50% for corporate borrowers such as ERFS. And the statue's imposition of a 30% maximum interest rate for non-corporate borrowers does not render the Guarantee Agreement invalid because Vigneri is a guarantor, not a borrower, and "the defense of usury does not apply to guarantors." *See Herkimer Inv., LLC v. Goldstein*, 2012 WL 2923342, at *16 (N.J. Super. Ct. App. Div. Jul. 19, 2012) ("Usury laws exist to protect oppressed borrowers, as distinguished from others, such as their guarantors." (quoting *Ferdon v. Zarriello Bros. Inc.*, 208 A.2d 186, 191 (N.J. Super. Ct. Law Div. 1965)).

Moreover, while default interest rates are an accepted means for lenders to offset damages caused by delinquent loans, they may not be "punitive." *Song v. Zhang*, Civ. No. 21-17918, 2024 WL 263962, at *2 (D.N.J. Jan. 24, 2024) (citations omitted). In determining whether a default interest rate is reasonable, courts examine the totality of the circumstances, including "the difficulty in assessing damages, intention of the parties, the actual damages sustained, and the bargaining power of the parties." *Id.* (citing *MetLife Cap. Fin. Corp. v. Washington Ave. Assocs. L.P.*, 732 A.2d 493, 499 (N.J. 1999)). Here, nothing in the record shows that these factors weigh in favor of finding the Note's default rate of 12% per annum unreasonable. *See id.* at *3. In contrast, the Note states that the 12% rate is meant to offset the difficulty of calculating actual damages in the event of a default and is not meant to "constitute a penalty." (ECF No. 11-2 at 9.) And while default rates of 25% and higher are usually unenforceable, courts have often found rates at 24% and under "to be reasonable under the totality of the circumstances." *Song*, 2024 WL 263962, at *3 (collecting cases). Accordingly, the default rate of 12% does not violate New Jersey law.

because Vigneri has failed to participate and nothing in the record indicates that Plaintiff has an alternative means of vindicating its claim, the second factor weights in Plaintiff's favor.

As to the final factor, Vigneri's "failure to respond permits the Court to draw an inference of culpability" on his part. *See id.* at *2 (citing *J & J Sports Prods., Inc. v. Tribiri-Tabara, LLC*, Civ. No. 18-13867, 2019 WL 2754955, at *3 (D.N.J. July 2, 2019)).

On balance, these factors warrant the entry of default judgment against Vigneri.

### F.      Damages

Plaintiff must still prove damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citation and internal quotation marks omitted)).  The Court need not accept allegations as to damages as true under Rule 55(b),[3] and it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of its allegations if the Court finds evidentiary support to be lacking.[4]

Here, Plaintiff filed a declaration from its authorized representative, Emily Bomberger, as an exhibit to its Motion for Default Judgment, together with true and correct copies of the Note and Guarantee Agreement. (ECF No. 11-2.)  Bomberger certifies that Plaintiff loaned $300,000.00 to ERFS pursuant to the Note.  (*Id.* at 2.)  The Note substantiates ERFS's liability for the $300,000.00 principal, as well as interest payments of 50% per annum, due monthly until the principal and all accrued interest are paid in full. (*Id.* at 6.)  And upon an event of default, "the

---

[3]      *DirecTV*, 2006 WL 680533, at *1

[4]      *Thompson*, 2017 WL 3634096, at *1 (citing *Doe v. Simone*, Civ. No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013)).

unpaid balance of the Principal Amount and accrued and unpaid Interest" begin accruing a default interest of twelve percent (12%) per annum.  (*Id.* at 9.)  ERFS defaulted under the Note by failing to make an interest payment due on September 29, 2021, after which Plaintiff declared the entire unpaid balance due under the Note immediately due and payable on October 7, 2021.  (ECF No. 1 ¶¶ 15-17.)  Neither Vigneri nor ERFS made any additional payments pursuant to the Note or Guarantee Agreement.  (ECF No. 11 ¶¶ 15-19.)  Thus, the total amount due to Plaintiff includes (1) the principal ($300,000.00); (2) the unpaid interest payment due on September 29, 2021 ($12,916.67)[5]; and (3) default interest at a rate of 12% on both the principal and unpaid September interest payment.  (ECF No. 11-2 at 3.)  As of August 21, 2023, the default interest due was $68,900.00 on the Principal, and $2,970.83 on the unpaid September 2021 interest payment.  (*Id.*)  Interest at a default rate of 12% per annum continues to accrue on the balance due under the Note ($312,916.67), amounting to $104.31 per day for each day after August 21, 2023.  (*Id.*)  The Court is satisfied that Bomberger's declaration, her default interest calculations, and the copies of the Note and Guarantee Agreement before the Court (*id.* at 4-30) sufficiently prove Plaintiff's damages.  Therefore, the Court grants Plaintiff's Motion.  Judgment will be entered in favor of Plaintiff and against Defendant Vigneri[6] in the amount of $418,688.25, comprised of the following:

---

[5]  Pursuant to the Note, interest is calculated on the basis of a 360-day year.  (ECF No. 11-2 at 6.)

[6]  Plaintiff requested an entry of default only against Vigneri, which was entered on February 16, 2023.  (ECF No 9.)  On July 17, 2023, the Court issued a notice of call for dismissal pursuant to Local Civil Rule 41.1(a).  (ECF No. 10.)  After the notice of call for dismissal, Plaintiff moved for default judgment solely against Vigneri and has not sought any relief against ERFS.  Because it appears that Plaintiff has abandoned its claim against ERFS, the Court will dismiss Plaintiff's claim against ERFS without prejudice.

1. $300,000.00 (the unpaid Principal);

2. $12,916.67 (the unpaid interest payment due on September 29, 2021);

3. $68,900.00 (interest at 12% per annum on $300,000 from October 1, 2021 to August 21, 2023);

4. $2,970.83 (interest at 12% per annum on $12,916.67 from September 30, 2021 to August 21, 2023); and

5. $33,900.75 (interest at 12% per annum on $312,916.67 from August 21, 2023 to the date of this Memorandum Opinion).

## IV.   CONCLUSION

For the reasons set forth above, and other good cause shown, Plaintiff's Motion for Default Judgment is **GRANTED**.  An appropriate Order follows.

Dated: July 10, 2024

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**